THE FAJARDO SUGAR COMPANY, DEMANDANTE Y APELANTE, *v.* SANTIAGO ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de *injunction.*

No. 1012.—Resuelto en diciembre 23, 1913.

EXPOSICIÓN DEL CASO—TÉRMINO PARA PRESENTARLA—INTERPRETACIÓN DE LA LEY.—Los preceptos del artículo 299 del Código de Enjuiciamiento Civil enmendado por la Ley No. 70 de marzo 9, 1911, fijan con toda claridad el término dentro del cual debe presentarse la exposición del caso, y cuando la ley es clara, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu.

ID.—PRESENTACIÓN DE LA EXPOSICIÓN DEL CASO FUERA DE TÉRMINO—FACULTADES DEL TRIBUNAL SENTENCIADOR PARA ADMITIRLA.—Los preceptos del artículo 140 del Código de Enjuiciamiento Civil no facultan a una corte sentenciadora para admitir una exposición del caso presentada después de vencido el término concedido por la ley. Véase *Pardo* v. *Pardo,* resuelto hoy.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. Armstrong & Keith* y *Luis Muñoz Morales.*

Abogado de los apelados: *Sr. José E. Benedicto.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Dictada sentencia por la Corte de Distrito de San Juan, Sección 1ª., en 29 de mayo de 1913 declarando sin lugar cierta petición de *injunction* formulada por The Fajardo Sugar Company y notificada la sentencia a la demandante, interpuso contra ella recurso de apelación para ante este Tribunal Supremo.

El escrito de apelación se notificó el 30 de junio de 1913 y el 30 de julio del mismo año la parte apelante presentó una moción a la corte de distrito acompañada de un *affidavit*, en el cual se hacía constar que su letrado había estado enfermo ·de cama desde el 10 al 15 de julio, desde el 18 al 21 y desde el 24 al 25 del propio mes.   La súplica de la moción es como sigue: ''Suplica a la corte que teniendo por presentada esta moción y el *affidavit* que se acompaña se sirva, dentro de la facultad discrecional que le concede el artículo 140 del Código de Enjuiciamiento Civil, admitir el pliego de exposición del caso y excepciones que se acompaña a esta moción, y del cual se ha servido copia a la parte demandada.''

La parte demandada fué en efecto notificada e hizo constar en tal acto que había ya radicado en la Secretaría de la Corte Suprema, una moción para que se desestimara la apelación interpuesta.

La corte de distrito consideró el caso y lo resolvió en la forma que transcribimos a continuación:

''El Abogado Don Luis Muñoz Morales, representando a la Fajardo Sugar Co., solicita de esta corte una prórroga para formular el pliego de excepciones y exposición del caso en la apelación interpuesta por dicha corporación contra sentencia de esta corte, después de haber expirado el plazo en que debió haberse presentado dicha exposición.

''En apoyo de esta petición cita la demandante la obra de Baylies on New Trials and Appeals, Edición 2ª., página 264, en la cual se dice que cuando el tiempo para presentar una exposición del caso ha expirado, la corte puede, por causa justificada, en los términos en que la justicia lo requiera, permitir a la parte presentar una exposición *nunc pro tunc;* pero esta doctrina se basa en el artículo 783 del Código de New York, que no está en vigor en Puerto Rico, y que copiado literalmente dice como sigue:

'' '*After the expiration of the time, within which a pleading must be made, or any other proceeding in an action, after its commencement, must be taken, the court, upon good cause shown, may, in its discretion, and upon such terms as justice requires, relieve the party from the consequences of an omission to do the act, and allow it to be done; except as otherwise specially prescribed by law.*'

"Nosotros no podemos poner en vigor en Puerto Rico disposiciones que no han hallado cabida en nuestra Ley Procesal Civil, y fundándonos en la jurisprudencia americana que unánimemente sostiene que después de haber expirado el plazo para formular una exposición del caso, la corte carece de atribuciones para conceder prórrogas, se declara sin lugar la moción presentada por la parte demandante. San Juan, P. R., agosto 4, 1913. (Fdo.) Félix Córdova Dávila, Juez de Distrito, Sección 1ª."

Contra esa resolución fué interpuesto por The Fajardo Sugar Company el presente recurso de apelación.

La ley reguladora de este caso en Puerto Rico está contenida en el artículo 299 del Código de Enjuiciamiento Civil enmendado en 1911 por la ley número 70, cuyo párrafo primero, que es el pertinente, dice así:

"Archivada que sea una apelación contra una sentencia de una corte de distrito, la parte apelante, dentro de los diez días siguientes a su archivo o de la prórroga que en su caso se le conceda por la corte, deberá presentar a ésta, entregando a la vez copia a la parte contraria, un pliego en el que hará constar las excepciones tomadas durante el curso del caso y una exposición de éste."

La ley en cuanto al término fijado para la presentación del pliego de excepciones y exposición del caso es tan clara que no necesita explicación alguna para ser entendida perfectamente. Y ese término es del todo suficiente, teniendo en cuenta la facultad de prorrogarlo que la misma ley confiere al juez sentenciador.

Cuando la ley es clara y libre de toda ambigüedad, dice el artículo 13 del Código Civil reformado, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu.

Hemos examinado el Código de Enjuiciamiento Civil de California y no hemos encontrado precepto alguno enteramente igual al artículo 299 de nuestro código, tal como quedó enmendado en 1911. Sin embargo, el artículo 650 del Código californiano, especialmente igual al 216 del Código portorriqueño, fija para la presentación del pliego de excepciones

una regla igual a la establecida por el citado artículo 299 enmendado en 1911 para la presentación del pliego de excepciones y exposición del caso, y como el pliego de excepciones y la exposición del caso forman generalmente un sólo documento y cuando se preparan por separado son siempre documentos de igual naturaleza, la jurisprudencia relativa a la presentación de los pliegos de excepciones, puede invocarse como aplicable a la presentación de exposiciones del caso.

En el caso *In re Clary,* 112 Cal., 295, la Corte Suprema de dicho Estado se expresó así: ''La corte inferior procedió correctamente al negarse a aprobar el pliego de excepciones que se le presentó, por no haber sido preparado dentro del término fijado en el estatuto (Código de Enjuiciamiento Civil, artículo 650), o dentro de alguna de las prórrogas determinadas en el mismo, habiendo por tanto los apelantes perdido el derecho que tenían a que se aprobara el expresado pliego. Hayne sobre Nuevo Juicio y Apelación, 773. La orden del juez concediendo una prórroga después de vencido el término señalado en el estatuto dentro del cual debía presentarse el pliego era nula e ineficaz, y la corte procedió debidamente al no considerarla, pues ella no le confería facultad para aprobar el pliego.''

Aplicando la jurisprudencia citada y sobre todo el precepto legal vigente en Puerto Rico, habría que decidir que el juez sentenciador dictó la única resolución que podía dictar válidamente al negarse a admitir la exposición del caso que se le presentara después de vencido con exceso el término concedido por la ley.

Sin embargo, la parte apelante no solicitó la prórroga de un término vencido, sino que pidió a la corte que en uso de las facultades que le confiere el artículo 140 del Código de Enjuiciamiento Civil le permitiera presentar su pliego de excepciones y exposición del caso después de vencido el término legal.

El artículo 140 invocado, similar pero no igual al 473 del

Código de Enjuiciamiento Civil de California, en lo pertinente dice así:

"Artículo 140.—\* \* \* La corte puede también, a su arbitrio, después de notificada la parte contraria, permitir en la forma que estimare justa, una enmienda a cualquier alegación o procedimiento en otros particulares, y puede, en igual forma, permitir que se formule una contestación después del término prescrito por este Código, y también eximir a alguna persona o a sus representantes legales de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia; \* \* \*.''

Considerada en relación con el artículo transcripto, la orden recurrida, también ésta debe sostenerse, pues aquel artículo no contiene excepción alguna al precepto general y absoluto que para la presentación del pliego de excepciones y escrito de exposición del caso señala la ley vigente. A esa conclusión nos llevan las mismas consideraciones que con otras tuvimos en cuenta al resolver en el día de hoy el caso de *Pardo* v. *Pardo,* (pág. 1188). Ratificamos la doctrina allí consignada en la parte concerniente a la cuestión propuesta.

La resolución apelada debe confirmarse.

*Confirmada.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

El Juez Asociado Sr. Del Toro firmó haciendo constar estar conforme por los motivos consignados en su opinión concurrente de esta misma fecha.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.

OPINIÓN CONCURRENTE EMITIDA POR EL JUEZ ASOCIADO SR. DEL TORO.

La mayoría de los jueces que forman este Tribunal Supremo, opina, en resumen, que debe confirmarse la resolución apelada por el fundamento en que expresamente la basó

el juez sentenciador, esto es, porque vencido el término fijado en el artículo 299 del Código de Enjuiciamiento Civil, enmendado por la ley número 70 de 1911, la corte de distrito no tenía facultades para aprobar el pliego de excepciones y la relación de hechos, y llega a la conclusión de que no es aplicable a casos de esta naturaleza el artículo 140 del Código de Enjuiciamiento Civil invocado por la parte apelante.

A mi juicio el espíritu que informa el artículo 140 de nuestro Código de Enjuiciamiento Civil, igual al 473 del Código de Enjuiciamiento Civil de California, es tan amplio y liberal y la jurisprudencia interpretativa del mismo ha ensanchado tanto sus límites, que en la actualidad no puede negarse que, en propios casos, podría un juez sentenciador admitir, tramitar y aprobar una exposición presentada después de vencido el término fijado por la ley. Esto no quiere decir en modo alguno que sostenga que puede prorrogarse un término después de vencido. Lo que sostengo es que, en propios casos, en bien de la justicia y por justa causa debidamente alegada y probada, puede permitirse que se archive un pliego de excepciones o relación de hechos después de vencido el término legal. En tal caso no se prorroga un término anterior vencido, sino que se concede un término especial y nuevo.

En el caso de *Sprigg* v. *Barner,* 118 Cal., 591, se decidió que una "relación de hechos" podía considerarse como uno de los "procedimientos" a que se refiere el artículo 473 del Código de Enjuiciamiento Civil de California.

En el de *Baker* v. *Borello,* 131 Cal., 615, se resolvió que un pliego de excepciones o una exposición del caso, podían enmendarse de acuerdo con lo dispuesto en el artículo 473 del indicado código.

Y la doctrina de que la corte de distrito tiene facultad, en propios casos, para admitir un pliego de excepciones después de vencido el término, de conformidad con el artículo 473 tantas veces citado, se sostiene en los casos de *Stonesifer* v. *Kilburn,* 94 Cal., 33, 43, y *Kaltschmidt* v. *Weber,* 145 Cal., 596, 597.

En tal virtud, habiendo llegado a la conclusión de que la corte de distrito pudo considerar la petición que se le hizo y resolverla por sus propios méritos, dos soluciones pueden adoptarse por el Tribunal Supremo al decidir el recurso establecido, a saber: devolver el caso a la corte inferior para que haga uso de su discreción y resuelva la cuestión que se le formulara, o considerarla el mismo Tribunal Supremo y resolverla en definitiva. Atendidas las circunstancias del caso, se impone la última solución.

Para que una corte de distrito esté justificada en prescindir de lo dispuesto en el artículo 299 del Código de Enjuiciamiento Civil, enmendado en 1911, y, usando de las facultades que le confiere el 140 del mismo cuerpo legal, permitir la presentación de un pliego de excepciones después de vencido el término, es necesario que se alegue y demuestre una causa verdaderamente justa y extraordinaria. Examinados los hechos que motivaron las resoluciones de la Corte Suprema de California en los casos citados de *Stonesifer* v. *Kilburn,* y *Kaltschmidt* v. *Weber,* se verá que se trataba de errores sufridos en la computación de los términos, errores que quedaron explicados a satisfacción de la corte por la prueba ofrecida por las partes interesadas.

Un examen de los hechos consignados en la opinión de la mayoría demuestra que no sucede lo mismo en el presente caso. Según el *affidavit* presentado, el abogado del peticionario no enfermó hasta el día 10 de julio de 1913 en que precisamente vencía el término para la presentación del pliego. No se alega en la moción que el pliego estaba preparado para ser presentado el día 10 y si no lo estaba, sabía el abogado que tendría necesidad de solicitar una prórroga del término legal. Un escrito de prórroga es de fácil redacción y la prudencia aconseja que se presente con alguna antelación al vencimiento del término. Además, la enfermedad del abogado duró, según se expresa en el *affidavit,* del 10 al 15, del 18 al 21 y del 24 al 25 de julio de 1913, y no se explica por qué durante los períodos que median entre el 15 y el 18 y el 21 y

el 24 no pudo siquiera exponerse a la corte el hecho de la enfermedad del letrado y solicitarse la concesión de un término especial para la presentación del pliego. Y resalta aun más esta falta de explicación cuando se considera que la última recaída del letrado en su enfermedad terminó el 25 de julio y no fué hasta el 30 que se presentó la moción, cuando ya el abogado de la parte contraria había archivado en la Secretaría de la Corte Suprema una solicitud pidiendo la desestimación del recurso.

Considerando el caso, pues, por sus propios méritos, es necesario concluir que la causa alegada no es suficiente para justificar la pretensión del apelante, y, en su consecuencia, que bajo cualquier aspecto que se la considere es justa y debe confirmarse la resolución apelada.