Luis Alvarez y The Royal Bank of Canada, peticionarios, *v.* La Corte de Distrito de Mayagüez, Hon. Charles E. Foote, Juez, demandado.

No. 566.—*Visto:* Marzo 31, 1927. *Resuelto:* Junio 14, 1927.

Apelación y Error—Récord y Procedimientos que no Están en Récord—Contenido, Preparación y Aprobación de la Exposición del Caso o Relación de Hechos—Radicación del Transcript de la Evidencia—Término para Radicarlo—Prórroga—Prórroga Vencido el Término.—Una corte de distrito no tiene facultad, de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil, para conceder un nuevo término una vez vencido el fijado por ley para archivar la transcripción de la evidencia.

Certiorari para revisar orden de *Charles E. Foote,* J. (Mayagüez), concediendo nuevo término, después de vencido el fijado por la ley, para archivar la transcripción de la evidencia. *Anulada la orden.*

*Benet & Souffront,* abogados de los peticionarios; *J. Sabater,* abogado del demandado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La cuestión envuelta en este recurso de *certiorari* es la de si una corte de distrito tiene o no facultad de acuerdo con lo dispuesto en el artículo 140 del Código de Enjuiciamiento Civil para conceder un nuevo término después de vencido el fijado por la ley para archivar la exposición del caso o la transcripción de la evidencia.

Dictada sentencia por la Corte de Distrito de Mayagüez el 29 de noviembre de 1926, la parte demandada apeló el 29 de diciembre siguiente y en la misma fecha pidió que se ordenara al taquígrafo que preparara la transcripción de la evidencia. Accedió la corte y transcurrió el término de veinte días fijado por la ley sin que la transcripción se presentara ni se solicitara prórroga para ello.

Así las cosas, el 8 de febrero de 1927, la parte apelante en una moción escrita en la que se narran ampliamente las circunstancias concurrentes, se dirigió a la corte y le pidió que en bien de la justicia y en ejercicio de las facultades que le confería el citado artículo 140 del Código de Enjuiciamiento Civil le concediera un nuevo término para archivar la transcripción.

La corte de distrito oyó a las partes y el 5 de marzo siguiente concedió a la apelante el nuevo término solicitado y estando ya la transcripción archivada señaló el 14 del propio mes de marzo para su aprobación.

No conforme la parte apelada presentó esta solicitud de *certiorari*. El auto fué expedido y oídas extensamente las partes interesadas.

No nos hemos detenido en la narración de las circunstancias concurrentes porque habremos de hacerlo al decidir sobre cierta moción de desestimación del recurso, tramitada separadamente.

Tampoco nos detendremos en el peso de dichas circunstancias a los efectos de si justifican o no el ejercicio de la

discreción. La única cuestión que aquí estudiaremos es la de si la corte de distrito tuvo jurisdicción para actuar en la forma en que lo hizo.

Repetidamente ha resuelto este tribunal que el artículo 140 del Código de Enjuiciamiento Civil no es aplicable a un caso como éste, careciendo por tanto la corte de distrito de facultad para conceder un nuevo término.

Bastará citar el caso de *Díaz* v. *The P. R. Ry., Light and Power Co.,* 32 D.P.R. 95, 99, en el que se dijo:

"Los fundamentos que hemos tenido para desestimar esta apelación han sido consignados en una opinión anterior donde se cita el caso de *Pardo* v. *Pardo,* 19 D.P.R. 1188.

"En el mismo tomo y en el caso de *Fajardo Sugar Co.* v. *Santiago,* 19 D.P.R. 1193, ratificamos nuestro criterio de que el artículo 140 del Código de Enjuiciamiento Civil no tenía ninguna aplicación a los pliegos de excepciones y otros documentos semejantes y también llamamos la atención al hecho de que el artículo 299 del Código de Enjuiciamiento Civil como fué enmendado en el año 1911 no era semejante a ninguna disposición del Código de Enjuiciamiento Civil de California.

"El abogado insiste ahora en llamarnos la atención hacia la teoría de que el artículo 140 del Código de Enjuiciamiento Civil fué tomado de California y por tanto, como es de presumirse, con la interpretación que se le ha dado en ese Estado. Discutimos algunas de las diferencias de práctica en el caso de Pardo v. Pardo, *supra.* Podemos agregar que la regla de interpretación invocada está sujeta a un número de excepciones y una de ellas es cuando la interpretación que se le da en el Estado de origen está en conflicto con el claro significado del estatuto. Whitney v. Fox, 166 U. S. 637, 647. Según indicamos en el caso de Pardo v. Pardo *supra,* la Corte Suprema de California no observó el claro significado de las palabras empleadas. Además, por la apelación es la Corte Suprema de Puerto Rico la que adquiere jurisdicción sobre un caso y cuando se invoca un privilegio extraordinario es esta corte la que tiene la facultad de concederlo, suponiendo que la facultad existe. A la corte inferior se le confiere específicamente sólo el derecho a prorrogar el término. No se le confiere ninguna facultad para crear un nuevo término."

El criterio de esta corte sobre la materia se ha susten-

tado siempre por mayoría, disintiendo el juez Sr. Hutchison y el que emite esta opinión.

En una oposición presentada por la parte contraria en el pleito a la que inició el *certiorari,* se argumenta ampliamente en pro de la facultad de la corte de distrito citándose varios casos de California. Sin embargo, la mayoría de la corte que ha tenido ocasión de reafirmar su criterio en casos aún más recientes que el citado, no ha sido convencida de que deba variarlo, y subsistiendo, sólo cabe una resolución: *la de anular la orden de 5 de marzo último por haber sido dictada sin jurisdicción y en tal virtud se anula.*