GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* ACHA ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso sobre retracto legal.

MOCIONES de la parte apelada para desestimar la apelación y de la parte apelante para corregir la transcripción de autos.

No. 1062.—Resuelto en diciembre 23, 1913.

DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN DE AUTOS—FALTA DE COPIA DE LA SENTENCIA APELADA.—Cuando, como en este caso, la transcripción no contiene copia de la sentencia apelada y la parte apelada pide por ese motivo

la desestimación del recurso, y la parte apelante inmediatamente en los comienzos de la tramitación del caso, antes de señalarse la vista, pide permiso para corregir la transcripción incluyendo en ella la sentencia apelada acompañando al efecto copia auténtica de la misma, y en la transcripción, certificada por los abogados de ambas partes, en varios documentos se consigna que se dictó y registró sentencia, no debe desestimarse la apelación, sino concederse permiso para corregir la transcripción, adicionándola con la copia de la sentencia apelada.

ID.—ALEGATO DE LA PARTE APELANTE—PRESENTACIÓN DEL MISMO FUERA DE TIEMPO.—La presentación del alegato del apelante fuera de tiempo no es en todos los casos motivo suficiente para desestimar la apelación. Esta corte puede, en el ejercicio de su facultad discrecional, admitir y considerar un alegato presentado después de vencido el término fijado para ello en su propio reglamento.

PRÓRROGAS—TÉRMINOS VENCIDOS.—Es una regla bien establecida que después de vencido un término no puede prorrogarse.

ID.—ESTIPULACIONES DE LOS ABOGADOS—SU ALCANCE.—Los convenios sobre prórrogas celebrados por los abogados no obligan a las cortes.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Herminio Díaz Navarro.*

Abogado de los apelados: *Sr. Manuel F. Rossy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Cuatro mociones están pendientes de resolución en este caso, a saber:

(*a*) Una de la parte apelada de fecha 9 de diciembre de 1913, solicitando la desestimación del recurso, por no figurar en los autos copia de la sentencia apelada;

(*b*) Otra de la parte apelante de igual fecha solicitando la corrección de la copia de los autos;

(*c*) Otra de la parte apelada de fecha 10 de diciembre de 1913 oponiéndose a la corrección solicitada por la parte apelante, y

(*d*) Otra de la parte apelada de 10 de diciembre de 1913 pidiendo la desestimación del recurso, por no haberse presentado en tiempo el alegato de la parte apelante.

La vista de dichas cuatro mociones se celebró el 16 de diciembre de 1913, con asistencia e informe de los abogados de ambas partes.

Las tres primeras mociones deben examinarse conjuntamente.

Aparece de los autos que dictada sentencia en el pleito por la Corte de Distrito de San Juan, Sección 1ª., se interpuso contra ella recurso de apelación para ante este Tribubunal Supremo, archivándose la transcripción de los autos en la secretaría del mismo el 26 de noviembre de 1913. .

Examinados dichos autos, en ellos no figura en verdad, como alega la parte apelada en su moción de 9 de diciembre actual, la copia de la sentencia apelada y, por tal motivo, procedería de acuerdo con la ley y la jurisprudencia, la desestimación del recurso.

Pero si esto es así, también es cierto que inmediatamente después de haberse advertido la falta, en los comienzos de la tramitación del recurso ante esta Corte Suprema, antes de señalarse siquiera la vista del caso, la parte apelante pidió permiso para corregir la transcripción incluyendo en ella la sentencia apelada, acompañando al efecto copia de la misma debidamente certificada por el secretario del tribunal sentenciador. Y debe hacerse constar también, a los efectos de fijar todas las circunstancias del caso, que en la transcripción, cuya corrección certifican los abogados de ambas partes, se incluyeron copias de la resolución de la corte declarando sin lugar la demanda, sin especial condenación de costas y ordenando al secretario el registro de la sentencia, de la notificación de la sentencia, en cuyo documento hizo constar el Secretario que dicha sentencia se hallaba "debidamente registrada" y de la notificación de la apelación de la sentencia "final y definitiva dictada en el caso."

Nuestras reglas autorizan la corrección de los autos en propia forma, a su debido tiempo y por razones justas. Hemos desestimado varias apelaciones porque al resolverlas nos hemos encontrado con que no figuraban en ellas copias de las sentencias apeladas. Los casos estaban ya definitivamente sometidos a nuestra consideración y no podíamos decidir sobre sentencias cuya realidad no aparecía comprobada en los autos.

Este caso es distinto. A su debido tiempo se solicita la

corrección del récord y se acompaña el documento que falta en forma tal que no podemos dudar de su existencia. En tal virtud, comprobada la realidad de la sentencia y siendo clara nuestra jurisdicción por virtud de la apelación interpuesta contra ella, desestimar el recurso bajo tales circunstancias sería manifiestamente injusto.

Veamos la cuarta de las mociones presentadas. En ella se solicita también la desestimación del recurso por no haberse presentado en tiempo el alegato de la parte apelante.

Aparece de los autos, que el término para presentar el apelante su alegato vencía el 5 de diciembre de 1913; que el 9 de diciembre de 1913 los abogados de ambas partes archivaron en la Secretaría de esta Corte Suprema una estipulación al efecto de que el apelante tuviera 10 días más para archivar su alegato; que en 9 de diciembre de 1913 este Tribunal Supremo por orden del mismo día, teniendo en cuenta que los convenios sobre prórrogas celebrados por los abogados de las partes no lo obligaban, se negó a conceder la prórroga estipulada, sin perjuicios de los derechos que pudieran asistir a las partes.

En tal estado el procedimiento, la parte apelada presentó su moción de 10 de diciembre de 1913 solicitando la desestimación del recurso por falta de presentación en tiempo del alegato. La corte señaló para la vista de la moción el 16 de diciembre de 1913 y, antes de esa fecha, el 12 de diciembre de 1913, la parte apelante archivó su alegato en la Secretaría de este Tribunal Supremo.

Siendo esas las circunstancias del caso ¿procede la desestimación del recurso?

El alcance de nuestra orden de 9 de diciembre actual está claramente fijado por sus términos.

Es una regla bien establecida que después de vencido un término no puede prorrogarse. Las prórrogas deben solicitarse antes de vencerse el término.

Y es otra regla bien establecida que los convenios sobre prórrogas celebrados por los abogados no obligan a las cortes.

Los abogados no deben limitarse, como se limitaron en este caso, a archivar sus estipulaciones. Ellos no pueden resolver por sí mismos lo que corresponde decidir al tribunal. Debe solicitarse de la corte que imparta su aprobación a las estipulaciones, si así fuere en justicia procedente.

Las palabras "sin perjuicio de los derechos de las partes" usadas en nuestra orden de 9 de diciembre, significan: para el apelante, que puede presentar su alegato, sujeto a las contingencias del caso; y para el apelado, que pueda pedir la desestimación del recurso, que se concederá o nó de acuerdo con las circunstancias que concurran, ya que la presentación del alegato no es de índole jurisdiccional y la corte puede en el ejercicio de su discreción admitirlo después de vencido el término que para presentarlo tiene fijado en su reglas.

Consideradas las circunstancias del caso, opinamos también que sería injusto desestimar la apelación por el motivo indicado. El recurso está ya total y definitivamente sometido a nuestra consideración y debemos resolverlo en su fondo por sus propios méritos.

En la virtud, deben declararse sin lugar las tres mociones de la parte apelada, letras (*a*), (*c*) y (*d*), y con. lugar la del apelante, letra (*b*).

> *Denegada la moción sobre desestimación de*
> *apelación y concedida la moción sobre co-*
> *rrección de autos.*

Jueces concurrentes: Sres. Asociados Wolf y Aldrey.

Los Jueces Sres. Presidente Hernández y Asociado Mac-Leary no intervinieron en la resolución de estas mociones.