CRUZ, DEMANDANTE Y APELADO, *v.* LUIÑA ET AL., DEMANDADOS Y APELANTES.

No. 3554.—*Visto:* Febrero 16, 1925. *Resuelto:* Febrero 19, 1925.

DESESTIMACIÓN DE APELACIÓN—TRANSCRIPCIÓN DE LA EVIDENCIA RADICADA FUERA DE TIEMPO—PRÓRROGA NULA.—Cuando la transcripción de la evidencia es radicada por el taquígrafo dentro del término de una prórroga que era nula por haber sido pedida y concedida después de vencida la anterior, y ha transcurrido el término de treinta días a partir de la radicación del escrito de apelación sin que se haya radicado el récord en la Corte Suprema, el apelado tiene derecho a una sentencia desestimando el recurso.

ID.—ID.—NEGLIGENCIA DEL TAQUÍGRAFO.—La omisión del taquígrafo en obtener una prórroga para presentar la transcripción de la evidencia es una negligencia imputable al apelante.

MOCIÓN sobre desestimación de apelación. *Desestimada la apelación interpuesta.*

A. P. Rodríguez, abogado de los apelantes; J. C. Jusino, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Interpuesta la apelación en este pleito el 6 de septiembre de 1924, fueron concedidas al taquígrafo varias prórrogas para transcribir y presentar la evidencia para la apelación, siendo una de ellas el 3 de diciembre de 1924 en la que se le dieron 15 días con tal fin. El día 19 de diciembre solicitó el taquígrafo otra prórroga de cinco días que le fué concedida el 31 de dicho mes, presentándose antes, el día 26, por el taquígrafo dicha transcripción que está en trámites para aprobación en la corte inferior. En vista de estos hechos el apelado nos pide que desestimemos la apelación.

El término de quince días que fué concedido el 3 de diciembre venció el 18 de dicho mes, y como en ese tiempo no fué presentada la transcripción de la evidencia el término de

treinta días que tiene para presentar en este tribunal el apelante la transcripción de la apelación debe contarse desde que la apelación fué interpuesta y venció, por tanto, el 6 de octubre de 1924, por cuyo motivo la apelación debe ser desestimada; pues aun cuando el 19 de diciembre fué solicitada nueva prórroga que fué concedida el día 31, tal concesión de prórroga solicitada y concedida después que la prórroga anterior había expirado es nula, según ya hemos declarado en los casos de *Claudio* v. *Ortiz,* 29 D.P.R. 443, *Ex parte Deliz* v. *Franco,* 21 D.P.R. 526, *González* v. *Acha,* 19 D.P.R. 1208, y *Ferrer* v. *El Pueblo,* 14 D.P.R. 395.

El apelante alega en contrario que la demora del taquígrafo en preparar la transcripción de la evidencia no puede perjudicarle de acuerdo con la Ley No. 81 de 1919 (p. 675), pero esta cuestión ha sido decidida en su contra en el caso de *González* v. *Méndez,* que resolvimos el 18 de diciembre de 1924 (pág. 846), y en otros que en él se citan.

*La apelación debe ser desestimada.*