Ernesto Fernando Schlüter, haciendo negocios bajo el nombre de Schlüter & Compañía, Sucr., demandante y apelado, *v.* Félix González y su esposa Cándida Pino, y Arturo González y su esposa Rosa Franco, demandados y apelantes.*

No. 4419.—*Visto:* Mayo 21, 1928. *Resuelto:* Mayo 31, 1928.

*Luis Llorens Torres,* abogado de los apelantes; *E. Campos del Toro,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

En este caso los apelantes fueron, hasta cierto punto, diligentes en obtener prórrogas para radicar la transcripción de la evidencia. Instaron al taquígrafo para que pre-

---

* Una reconsideración fué concedida por el fundamento de una posible inconsistencia entre dos decisiones de la corte, pero la orden concediendo la reconsideración fué anulada en julio 28, 1928 por el fundamento de que cuando la moción fué concedida el mandato de la corte había sido comunicado a la corte de distrito. Véase el mismo caso pág. 249 *post.*

parara la transcripción. El 4 de agosto de 1925 se concedió una prórroga de treinta días. De los autos y de la moción que fué radicada originalmente en este tribunal se desprende que no se solicitó ninguna otra prórroga hasta el 30 de septiembre, en que el taquígrafo, y no los apelantes, solicitó y obtuvo una prórroga de treinta días. Debido a no haberse proseguido la apelación y a la existencia del lapso de tiempo entre el 3 de septiembre y el 30 del mismo mes, el apelado solicita la desestimación del recurso.

En la primera vista, los apelantes, a pesar de nuestras repetidas decisiones sobre la materia, insistieron en que la demora del taquígrafo no debía imputárseles, citando al efecto las leyes de 1917 y 1919. Es innecesario repetir todo lo que hemos dicho. Pueden consultarse las decisiones. *Cruz v. Luiña,* 33 D.P.R. 1008, y casos allí citados. Esta corte creyó que no fué la intención de la Legislatura que un apelante se cruzara de brazos después de pedir que el taquígrafo transcribiera sus notas taquigráficas. El deber de solicitar prórrogas recae en primer término sobre el apelante, y no sobre el taquígrafo. El descuido habido es, literalmente, el descuido de los apelantes.

Durante la primera vista, los apelantes también sostuvieron que nunca se les comunicó la concesión de la prórroga del 4 de agosto. No sabemos que sea el deber de alguien notificar a un apelante la concesión de una prórroga, y los apelantes no nos han indicado regla o estatuto alguno que exija tal notificación. Los apelantes mismos, de acuerdo con las decisiones, están obligados a ver que no expire el tiempo dentro del cual puedan radicar la transcripción de la evidencia.

Aun suponiendo que de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil la corte de distrito hubiese podido revivir el tiempo de los apelantes, derecho que niega la mayoría de este tribunal, este poder de la corte jamás fué invocado.

El taquígrafo, y nó los apelantes, fué el que solicitó la prórroga. Ni en la corte inferior ni en este tribunal han tratado los apelantes de presentar un caso de negligencia excusable o de cualquiera otra naturaleza.

Después de la vista, aunque algo fuera del tiempo concedido, los apelantes presentaron un memorándum adicional en el cual admiten que no existe ley alguna que exija que se les notifique la prórroga concedida por una corte. Ahora dicen que ésta era la práctica de acuerdo con la Ley de Enjuiciamiento Civil española, y que esta práctica no ha sido derogada. Resolvemos lo contrario.

En 1904 se adoptó un Código de Enjuiciamiento Civil para Puerto Rico. Fué tomado de Idaho e, indirectamente, de California, con la interpretación, dentro de lo razonable, dádale en dichos estados. Se entendía universalmente tanto por la judicatura como por el foro que no era necesario notificar a las partes las sentencias y resoluciones dictadas de acuerdo con el nuevo sistema de procedimiento establecido. Existía la ficción legal de que un abogado siempre estaba presente en la corte y estaba obligado a cerciorarse de las actuaciones de la misma. Desde entonces, la Legislatura ha establecido determinados casos en que es necesaria la notificación, pero estas notificaciones no son aplicables a las prórrogas. La Legislatura reconoció claramente la regla al formular las excepciones. Para el apelante, éste es un caso de *expressio unius est exclusio alterius.*

Ya habíamos llegado a las anteriores conclusiones cuando, el 12 de diciembre de 1927, los apelantes radicaron un escrito adicional en el cual exponían que el 31 de agosto de 1927 habían radicado, o el taquígrafo lo había hecho, una moción solicitando una nueva prórroga, para preparar la transcripción de la evidencia. Sucedió que la corte no dictó resolución alguna sobre esa petición. El apelado, durante la segunda vista de este caso, y en sus alegatos o memorándum, sostenía que, toda vez que la moción no fué resuelta por la

corte, es enteramente nula y carece de valor alguno, no pudiendo beneficiar a los apelantes. Estos, entre otras cosas sostenían que no habiendo sido considerada la moción de prórroga, la corte tenía poder para prorrogar el término para preparar la transcripción en cualquier momento; y, por tanto, que la prórroga posterior concedida con fecha 30 de septiembre es enteramente válida y eficaz. Más bien creemos que era el deber de los apelantes o del taquígrafo, según sea el caso, investigar el resultado de la moción solicitando la prórroga y ver que ésta fuese específicamente concedida. La resolución posterior de la corte, en forma alguna era una respuesta a la moción de prórroga presentada el 31 de agosto de 1927. Si la contención es correcta, entonces todo lo que un apelante tiene que hacer es radicar una moción ante una corte y nunca dar paso ulterior alguno. La moción de desestimación debe ser declarada con lugar por ese solo fundamento.

Además, hay también otro motivo. A pesar del hecho de que la apelación fué interpuesta el 3 de junio de 1927, los apelantes continuaron solicitando prórrogas, sin poner a este tribunal en momento alguno en posición de decidir por qué no se había radicado la transcripción. Creemos que ha habido falta de diligencia en la radicación de la transcripción en esta corte, lo, que, de acuerdo con la regla 59, es un fundamento adicional para desestimar el recurso.

*Debe desestimarse la apelación.*

Los Jueces Sres. Presidente del Toro y Asociado Hutchison, disintieron.