EMILIO REMY LIGER, demandante y apelado, v. LUIS MUÑOZ MORALES y RAFAEL ALVAREZ TORRE, demandados y apelantes.

No. 3689.—*Resuelto:* Julio 22, 1925.

1. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—FALTA DE DILIGENCIA.—No procede desestimar una apelación no obstante haber vencido el término para presentar la exposición del caso, cuando el apelante demuestra que su falta de diligencia se debió a un error excusable al computar el término en que venció una prórroga anterior.

2. APELACIÓN Y ERROR—DESESTIMACIÓN, RETIRO Y ABANDONO—APELACIÓN FRÍVOLA—FUNDAMENTO DE FRIVOLIDAD.—No se considerará un alegado fundamento de frivolidad de la apelación, expuesto en una moción de reconsideración cuando, además de no haberse alegado en la moción original solicitando la desestimación del recurso, en dicha moción de reconsideración no se tienen los antecedentes del pleito para juzgar los méritos de aquél.

MOCIÓN SOBRE RECONSIDERACIÓN de resolución de julio 6, 1925. *Sin lugar.*

*Leopoldo Feliú,* abogado de los apelantes; *Alberto Marín,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

El apelado insiste en su moción de reconsideración para que se deje sin efecto nuestra resolución de julio 6, 1925, y se desestime la apelación.

Alude el apelado al caso de *Cruz* v. *Luiña et al,* de febrero 19, 1925, (33 D. P. R.), sosteniendo que las circunstancias en dicho caso eran iguales al presente y que no hay razón para distinguirlo. Sin embargo, en aquel caso citado no se presentó un affidavit de méritos ni se intentó demostrar que era excusable la falta de diligencia del apelante en computar el tiempo en que debía vencer cierta prórroga para mantener vivo el término y solicitar nuevas prórrogas.

[1] En este caso el apelante acompañó a su escrito de oposición, un affidavit de méritos suscrito por su abogado, demostrativo que éste incurrió en una equivocación de un día en su cálculo en cuanto a la fecha que venció la penúltima prórroga concedida, y resultaba claramente que se trataba de una computación errónea, excusable, por lo que esta

corte haciendo uso de su discreción como poder inherente a la misma, resolvió conceder al apelante un término de 15 días para archivar la exposición del caso.

[2] El otro fundamento que se refiere a la frivolidad de la apelación, no podemos considerarlo, pues además de no haber sido alegado en la moción original solicitando la desestimación del recurso no tenemos en esta moción todos los antecedentes del pleito para juzgar sus méritos.

Por todo lo expuesto, *la moción de reconsideración debe desestimarse.*