LUIS BROWN, demandante y apelado, *v.* LA SOCIEDAD CIVIL PEÑA Y BALBÁS, demandada y apelante.

No. 3852.—*Visto:* Marzo 1, 1926. *Resuelto:* Mayo 19, 1926.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN—TÉRMINO PARA RADICAR—PRÓRROGAS—NOTIFICACIÓN AL APELADO.—No hay necesidad de notificación alguna por parte del apelante al apelado cuando se desean prórrogas para radicar una exposición del caso o pliego de excepciones.

2. APELACIÓN Y ERROR—DECISIONES SUJETAS A REVISIÓN—NATURALEZA, ALCANCE Y EFECTO DE LA DECISIÓN—EJERCICIO DE DISCRECIÓN JUDICIAL—DISCRECIÓN EJERCITADA DESPUÉS DE SENTENCIA.—Una discreción ejercitada de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil después de sentencia es materia apelable y debe ser objeto de apelación.

3. Apelación y Error—Récord y Procedimientos que no Están en Récord:—Contenido, Preparación y Aprobación de la Exposición del Caso o Relación de Hechos—Radicación—Término para Radicar—Prórrogas—Prórrogas una Vez Vencido el Término.—Una corte de distrito no tiene facultad para actuar por virtud del artículo 140 del Código de Enjuiciamiento Civil, cuando se trata de un pliego de excepciones o exposición del caso.

4. Apelación y Error—Desestimación, Retiro y Abandono—Falta de Diligencia.—Procede desestimar, a instancia de parte, la apelación interpuesta, cuando vencido el término concedido para presentar la exposición del caso y pliego de excepciones sin el apelante haber aducido razón alguna para no haber presentado moción de prórroga en la fecha en que venció la prórroga anterior, ha transcurrido el término legal sin haberse radicado el *transcript* de apelación en el Supremo.

5. Apelación y Error—Desestimación, Retiro y Abandono—Falta de Diligencia.—Cuando vencido el término concedido para radicar la exposición del caso y pliego de excepciones el apelante no aduce razón alguna para no haber presentado moción de prórroga en la fecha en que aquél venció, no procede invocar ni ejercitar la discreción del Supremo para conceder un término dentro del cual presentar esos documentos en apelación.

Moción sobre desestimación de apelación presentada por el apelado. *Con lugar.*

*A. Marín Marién,* abogado de la apelante; *J. Valldejuli Rodríguez,* abogado del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Se nos ha presentado una moción de desestimación de la apelación por no haberse radicado los autos en esta corte dentro del término de treinta días, por cuanto el apelado sostiene que el término concedido finalmente para incorporar la prueba estaba fuera de las facultades de la corte de distrito.

La apelante obtuvo varias prórrogas para radicar una exposición del caso y pliego de excepciones. En enero 4 se concedió una prórroga de veinte días que venció en enero 24, un domingo. En 25 de enero no se hizo ninguna moción de prórroga. En enero 26, el apelante, invocando el artículo 140 del Código de Enjuiciamiento Civil, presentó una moción solicitando una prórroga para radicar dicha exposición y pliego de excepciones. En la moción se hacía constar la diligencia de la apelante tratando de acelerar al taquígrafo y también expresaba que en enero 25 la apelante

hizo varias gestiones por encontrar al abogado del apelado pero sin ningún resultado. La corte concedió a la apelante un término para presentar su pliego de excepciones y exposición.

[1] Podemos decir inmediatamente que si este caso dependía únicamente de la notificación al abogado de la otra parte la apelante presentó un buen caso. Sin embargo, como sugiere el apelado, no hay necesidad de notificación cuando se desean prórrogas y éstas se conceden *ex parte.* En el presente caso se concedieron prórrogas sin notificación al abogado del apelado y en 25 de enero, 1926, no era necesario hacer una notificación a dicho apelado.

[2] El apelado también manifiesta que en el presente caso no hubo en forma ninguna prórroga pero la corte concedió a la apelante un término dentro del cual debía presentar la exposición del caso y pliego de excepciones. En otras palabras, por lo menos en forma la corte estaba concediendo un nuevo término.

No es necesario insistir mucho sobre si el término creado era una prórroga o un nuevo término toda vez que la corte inferior parecía estar ejercitando una facultad conferida por el artículo 140 del Código de Enjuiciamiento Civil. En otros casos, además, hemos resuelto que una discreción ejercitada de acuerdo con este artículo después de la sentencia era materia de apelación y debe ser objeto de una apelación.

[3] El apelado insiste en que la corte de distrito no tenía facultad para actuar por virtud del artículo 140, *supra,* cuando se trata de un pliego de excepciones o algo semejante. Así lo hemos resuelto varias veces, pero ni el juez de la corte inferior ni las partes parecen conocer la jurisprudencia. *Díaz* v. *Porto Rico Railway, Light & Power Co.,* 32 D.P.R. 95; *Díaz* v. *Porto Rico Railway, Light & Power Co.,* 32 D.P.R. 99, y casos citados. Por lo menos no ha habido tentativa por discutir los casos.

Otra razón que se nos ocurre es por qué la Legislatura no tuvo la intención de que las cortes de distrito tuvieran

facultad para conceder prórrogas o nuevos términos una vez que han vencido los actuales términos. Aquí, por ejemplo, en 26 de enero de acuerdo con la Ley de 1921 y nuestro Reglamento, surgió un claro derecho por parte del apelado para solicitar la desestimación y pudo haberlo hecho en esta corte, después de presentar los documentos necesarios. Por la apelación el caso había pasado a la jurisdicción de esta corte y hubiéramos tenido derecho a desestimarlo. El apelado en ningún caso debe tener que esperar a ver si la corte inferior estaba dispuesta a crear un nuevo término, o ampliar uno vencido. Bajo los términos literales del artículo 140, *supra*, si se supone que es aplicable, el apelante podía hacer su solicitud dentro de seis meses. Surgiría una confusión enorme a menos que sea esta corte la que sólo tenga la facultad de condonar una falta en cumplir con la ley. Si se confiere la facultad de condonar a una corte de distrito, debe ser por un término mucho más limitado.

[4, 5] La apelante invoca también nuestra discreción y cita el caso de *Remy* v. *Muñoz*, resuelto en julio 22, 1925 (34 D.P.R. 520), y resoluciones subsiguientes en el mismo caso. De igual modo que creemos que la corte de distrito no debió haber ejercitado su discreción, asimismo no debe ejercitarse ninguna aquí. No se adujo razón alguna para no presentar una moción en 25 de enero, 1926. En el caso de *Remy* v. *Muñoz, supra,* el apelante nos convenció de un verdadero error de cálculo. El caso estaba en la línea divisoria como aparece de las subsiguientes disidencias de dos jueces. El mismo infrascrito que no intervino en el acto de discreción, duda de si tal discreción debió haberse ejercitado, pero una vez que el caso fué restablecido por esta corte, se sintió obligado a permitir al apelante incorporar la prueba, toda vez que las demoras posteriores se debieron al derecho del juez de distrito a considerar la prueba.

Los Jueces Sres. Presidente del Toro y Asociado Hutchison disintieron.