DÍAZ, DEMANDANTE Y APELADO, v. PORTO RICO RAILWAY, LIGHT
& POWER CO., DEMANDADA Y APELANTE.

No. 3094.—*Visto:* Diciembre 7, 1923.  *Resuelto:* Mayo 31, 1924.

APELACIÓN—TÉRMINO PARA RADICAR LA TRANSCRIPCIÓN DE LA EVIDENCIA—JURIS-
DICCIÓN—DESESTIMACIÓN DE APELACIÓN.—Si la corte de distrito omite pro-
veer una moción en la que el apelante solicitaba una prórroga para incor-
porar la evidencia y además que fijara fecha para examinar nuevamente un
testigo por haberse extraviado las notas taquigráficas de su declaración, y
vence el término para radicar la transcripción, la apelación debe desestimarse,
pues la única corte que tiene facultad para abrir tal rebeldía es la corte de
apelación.

RESOLUCIÓN de *Charles E. Foote,* J. (San Juan, Primer Distrito),
en moción de prórroga para presentar exposición del caso, dene-
gándola. *Desestimada la apelación.*

J. H. Brown y C. Ruiz Nazario, abogados de la apelante; *Rincón
& Vizcarrondo,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tri-
bunal.

Esta apelación se establece contra una resolución en que
se niega la corte inferior a conceder una moción titulada
"Moción solicitando permiso para radicar una exposición
del caso y pliego de excepciones y que se deje sin efecto el
vencimiento del término concedido para ello."

La moción hacía referencia a una sentencia dictada en
30 de agosto de 1922 y apelada en 29 de septiembre, y la
concesión de cinco prórrogas particulares para presentar la
propuesta incorporación de la evidencia. La última de es-
tas prórrogas fué concedida en febrero 3 de 1923. Para ob-
tener varias de las primeras prórrogas la apelante no hizo
ninguna otra declaración que no fuera la de que las notas
taquigráficas no habían sido entregadas. Posteriormente,
sin embargo, el fundamento de la prórroga fué el hecho de
que un libro que contiene todas o parte de las notas de la
muy importante declaración de Adalberto Díaz Mor se ha-
bía extraviado.

En 14 de febrero de 1923, el apelado solicitó en este tri-

bunal la desestimación de la apelación, moción que fué denegada.

Estando pendiente la vista de la moción, la apelante, dentro del término, o sea en marzo 7 de 1923, solicitó una nueva prórroga de treinta días pidiendo además en la misma moción que se señalara una fecha para hacer un nuevo examen al testigo Adalberto Díaz Mor.

En estas circunstancias y debido en parte a la enfermedad del abogado y también al hecho de estar pendiente la moción de desestimación, el abogado o su auxiliar creyeron que la corte concedería la moción para un nuevo examen de dicho testigo, que fijaría una fecha para el mismo y prorrogaría el término para la incorporación de la evidencia. La corte no hizo nada de esto y el término solicitado en marzo 7 venció en abril 6.

La corte inferior aparentemente estaba bajo la impresión de que tenía la facultad de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil para abrir de nuevo el caso y conceder una prórroga, pero se negó a hacerlo por razones que luego discutiremos. La mayoría del tribunal ya ha resuelto en varios casos y en una subdivisión de este caso que en apelación la jurisdicción se transferirá a esta corte. *Díaz* v. *Porto Rico Railway, L. & P. Co.,* 32 D.P.R. 95, 99. Por virtud de tal traspaso de jurisdicción la única corte que tiene facultad para abrir una rebeldía en relación con una prórroga es este tribunal, y el artículo 140, *supra,* no autoriza a la corte inferior para abrir dicha rebeldía. Nuestra anterior desestimación de esta apelación como quedó hecha final *supra,* es sin embargo, en realidad la ley de este caso y *debe desestimarse la apelación* interpuesta.

El Juez Presidente Sr. del Toro firmó: "Conforme con la sentencia."

El Juez Asociado Sr. Hutchison disintió.