RAFAEL VALENTÍN, demandante y apelante, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, demandada y apelada.

No. 4172.—*Visto:* Noviembre 23, 1927. *Resuelto:* Enero 18, 1928.

APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—DEFECTOS, OBJECIONES, ENMIENDAS Y CORRECCIÓN—ENMIENDAS EN LA CORTE INFERIOR—PODER DEL JUEZ INFERIOR PARA ELLO.—Un juez tiene poder para conceder un término para completar, por medio de enmienda, una transcripción de la evidencia radicada de acuerdo con la orden para la preparación de dicha transcripción y dentro del período fijado por una orden posterior indicando la forma y manera de preparación y presentación de dicha transcripción, a pesar de haber expirado el término concedido por otra orden contradictoria dictada en la misma fecha de la últimamente mencionada.

MOCIÓN sobre desestimación de apelación, interpuesta ésta contra sentencia de *Charles E. Foote*, J. (Mayagüez), declarando sin lugar la demanda, con costas. *Sin lugar* la moción.

*Angel A. Vázquez,* abogado del apelante; *F. y M. Acosta Velarde,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Una moción suplementaria para que desestimemos la apelación en este caso, hace referencia a otra moción anterior fundada en el hecho de haber dejado el apelante de radicar la transcripción de la evidencia dentro del término estatuído para ello, mencionando además la radicación posterior de tal transcripción, la cual, según sostiene la apelada, es nula y carente de valor o efecto legal alguno;

(*a*) Porque fué presentada después de haber expirado el término prescrito por la ley, y sin que se hubiere solicitado ni obtenido prórroga para ello.

(*b*) Porque la misma fué presentada en dos legajos distintos, escritos en diferente tipo de maquinilla y papel, sin relación o conexión alguna entre sí, apareciendo solamente

firmado uno de dichos legajos por el juez de distrito, sin que el otro aparezca firmado o sellado.

(*c*) Porque dicha transcripción fué radicada en dos legajos distintos, en vez de uno solo, y sin que las páginas se encuentren foliadas consecutivamente, según lo dispone la regla 39 de este tribunal.

(*d*) Porque la misma no aparece certificada por el juez de distrito, toda vez que ninguna de dichas transcripciones muestra el sello de la corte, según lo exige el inciso 3 del artículo 20 del Código de Enjuiciamiento Civil. Y,

(*e*) Porque la corte de distrito carecía de jurisdicción o autoridad para aprobar la transcripción de la evidencia en el presente caso, por las siguientes razones:

1. Porque el 21 de marzo de 1927 la corte inferior ordenó al demandante que radicara, dentro del término de diez días, una transcripción de la evidencia practicada en el caso de *Agustín Roselló Bras* v. *The American Railroad Co. of Porto Rico,* con el fin de que, unida al resto de la prueba presentada, constituyera, una vez aprobada por el juez sentenciador, la transcripción de la evidencia en el presente caso.

2. Que el 19 de abril de 1927, o sea, más de diez días después de la fecha de la orden del 21 de marzo, 1927, la corte de distrito le concedió al demandante otra semana para radicar la referida transcripción.

3. Que entre el 21 de marzo y el 19 de abril, el demandante no solicitó prórroga alguna para radicar la dicha transcripción, ni la corte le concedió tal prórroga.

4. Que habiendo vencido el término de diez días fijado por la corte inferior para archivar la mencionada transcripción, y sin que el demandante cumpliera con la misma o solicitara u obtuviera prórroga para ello, la corte de distrito carecía de jurisdicción o autoridad para conceder un nuevo término con tal fin.

El 11 de agosto de 1927, fué prorrogado el término para

radicar la transcripción del récord en este tribunal hasta el
10 de septiembre.  El legajo de la sentencia fué radicado
el 8 de septiembre.  Con fecha 12 de septiembre, la apelada
solicitó la desestimación por no haberse presentado la trans-
cripción de la evidencia.  Se recibió la transcripción al día
siguiente junta con una carta del secretario de la corte de
distrito dirigida al secretario de este tribunal, explicando
que en el momento de enviar el legajo de la sentencia, los
dos volúmenes de la transcripción de la evidencia se ha-
bían quedado sobre la mesa de dicho secretario de la corte
inferior.  No hay nada en absoluto que demuestre que el
apelante fuera responsable en forma alguna del hecho de
que se dejara de enviar la transcripción de la evidencia
junta con el legajo de la sentencia.  La transcripción de la
evidencia fué aprobada por el juez sentenciador con fecha
11 de julio, y la certificación del secretario que aparece en
el legajo de la sentencia tiene fecha de 13 de julio.  La
moción de prórroga para radicar la transcripción de la evi-
dencia en la oficina del secretario de este tribunal, de fecha
11 de agosto, 1927, explica que la transcripción había sido
debidamente aprobada y firmada por el juez de la corte de
distrito y no le había sido traída al secretario de esta
corte debido al gran cúmulo de trabajo en la Secretaría de
la corte de distrito.  El secretario de la corte de distrito
también certifica que se omitió inadvertidamente la trans-
cripción de la evidencia al elevar el legajo de la sentencia,
y que no se dió cuenta de dicha omisión hasta el día en que
se le envió al secretario de este tribunal la mencionada
transcripción.

Cuando se llamó para juicio el presente caso, los aboga-
dos del demandante anunciaron que en los casos de *Rafael
Valentín, Benito Lecrerc y Carlos Rosado,* respectivamente,
v. *The American Railroad Co.,* se había radicado una estipu-
lación al efecto de que en cada uno de dichos casos se re-
produjera y considerara la prueba ya practicada en el de

*Agustín Roselló Bras* v. *The American Railroad Co.* como si hubiese sido introducida en cada uno de dichos casos, y que se practicaría prueba adicional solamente en lo que respectaba a la naturaleza de las lesiones recibidas y los daños y perjuicios sufridos por los respectivos demandantes.

En ese momento, el abogado de la demandada preguntó si estaban presentes los tres demandantes Valentín, Lecrerc y Rosado Acosta. Los letrados de los demandantes contestaron afirmativamente y solicitaron que se permitiera que los tres demandantes permanecieran sentados junto a ellos, de modo que pudieran ser examinados por los peritos. Entonces, el abogado de la demandada sugirió que, para los fines del récord, se oyera primero la prueba en el caso de Valentín, y así lo resolvió la corte. De modo que parece que el juicio de los tres casos se celebró conjuntamente, y que los mismos fueron resueltos al mismo tiempo, aunque la prueba testifical se ordenó en forma tal que pudieran hacerse transcripciones separadas para la apelación. Parece haberse seguido el mismo procedimiento en la vista posterior sobre la cuestión de la aprobación de las transcripciones respectivas, existiendo sólo un récord taquigráfico en cada caso que cubre todas las cuestiones levantadas con respecto a tales transcripciones.

La orden para la preparación de la transcripción en el caso de Valentín se refiere solamente a la prueba practicada y a los procedimientos en ese caso, y no hace mención del caso de Roselló Bras o de transcripción alguna de la evidencia aducida en el mismo.

Cuando se llamaron los casos para vista con el fin de considerar las diversas transcripciones, el abogado de la demandada manifestó que sólo había una transcripción de la evidencia aducida en el caso de Roselló Bras y que las transcripciones en los tres casos eran insuficientes e incompletas porque se limitaban a la prueba introducida en realidad en cada uno de dichos casos. El abogado de los de-

mandantes insistió en que las transcripciones, según fueron
presentadas, estaban de acuerdo con los términos de la es-
tipulación, pero la corte anunció que iba a aprobar la trans-
cripción en el caso de Roselló Bras solamente y concedió a
los apelantes un término de diez días para enmendar las
transcripciones de los otros tres casos. La corte además
ordenó la preparación de órdenes adecuadas en cada caso
con respecto a ésta y otras cuestiones discutidas durante la
vista.

El mismo día, o sea, el 21 de marzo de 1927, aparece que
el juez de distrito firmó dos órdenes separadas y más o me-
nos contradictorias, a una de las cuales se refiere la apelada
y basa en ella su moción de desestimación, siendo la otra
invocada por el abogado del apelante como autoridad para
someter posteriormente una transcripción igualmente defec-
tuosa para ser aprobada por el juez de distrito.

Una de estas órdenes, copia certificada de la cual pre-
senta ahora la apelada, dispone la radicación, dentro del
término de diez días, de una transcripción de la evidencia
practicada en el caso de Roselló Bras, con el fin de que la
misma, junta con la evidencia aducida en el presente caso,
una vez aprobada por el juez sentenciador, pudiera consti-
tuir la transcripción para la apelación. La otra indica que
el caso de Roselló Bras fué visto junto con los de Valentín,
Lecrerc y Rosado Acosta, que las partes habían estipulado
y convenido por escrito en que todos los planos, documen-
tos y la prueba presentados en dicho caso de Roselló Bras
debían considerarse como introducidos en los otros casos
mencionados, que la transcripción de la evidencia en el caso
de Roselló Bras había sido aprobada y contiene todos los
detalles relacionados con el accidente sobre el cual se basa
la acción en este caso,—y entonces ordena que la transcrip-
ción de la evidencia que ha de presentar el demandante en
este caso se refiera únicamente a las lesiones recibidas por
el demandante y será radicada dentro de diez días.

El día 30 de marzo, el demandante, refiriéndose a la orden últimamente mencionada, y manifestando que una transcripción preparada de acuerdo con la misma había sido de-debidamente archivada, solicitó la aprobación de tal transcripción y pidió que se señalara el lunes 18 de abril de 1927 para la vista a este respecto.

En este estado de los procedimientos fué que la corte de distrito concedió el 19 de abril de 1927 la prórroga que ahora impugna la apelada por carecer la corte de jurisdicción debido a que había expirado el término fijado por la anterior orden de marzo 21.

No hay duda de que la corte inferior hubiera estado completamente justificada al negarse a aprobar la transcripción de la evidencia sometida el 19 de abril de 1927, y en rehusar conceder otra prórroga dentro de la cual pudiera completarse la referida transcripción, si el juez de distrito, bien por inadvertencia o algún otro motivo, no hubiese firmado anteriormente la orden que ahora invoca el apelante como autoridad para el procedimiento seguido por el abogado en flagrante desatención de la orden de igual fecha sobre la cual se hace tanto hincapié por la apelada. Pero nada encontramos a este respecto en los casos de *Díaz* v. *The Porto Rico Railway, Light and Power Co.,* 32 D.P.R. 95, y *Díaz* v. *The Porto Rico Railway Light and Power Co.,* 33 D.P.R. 289, que sostenga la proposición de que el juez de distrito no tiene poder para conceder una prórroga con el objeto de completar, por medio de enmienda, una transcripción de evidencia que ha sido ya radicada, después de haber expirado un término previamente concedido, en el momento de resolver una moción solicitando tal prórroga, hecha dentro del término concedido primeramente.

Desde luego que aquí no había una moción formal solicitando tal prórroga, pero el mismo principio se aplica a *fortiori* a un cumplimiento *prima facie* de la curiosa orden contemporánea de marzo 21, la cual dispone que se haga

una transcripción que contenga únicamente la evidencia practicada en cuanto a la cuestión de daños y perjuicios. Habiendo cumplido el demandante con los términos de esta orden dentro del período en ella prescrito, la cuestión de nuevas prórrogas, así como la de la aprobación de la transcripción así sometida, eran materias que todavía caían dentro de la jurisdicción y poder del juez de distrito, no obstante haber expirado el término fijado en la orden de igual fecha para la radicación de una transcripción de la evidencia practicada en el caso de Roselló Bras.

La presentación de las dos transcripciones en dos legajos, certificada cada una por el taquígrafo de la corte, para ser aprobadas por el juez sentenciador como una transcripción de la evidencia en el presente caso, era no solamente un cumplimiento substancial de la orden de la corte inferior, sino también el modo más sencillo, expedito y menos costoso de preparar una transcripción para la apelación. Indudablemente que la mejor práctica hubiese sido foliar en su totalidad las dos transcripciones consecutivamente, según se indica en la regla 39 de este tribunal, y haber identificado las mismas por medio de una referencia más específica a los dos legajos y a tal foliación en la certificación del juez sentenciador. No obstante, el juez de distrito certificó que la transcripción aprobada por él es completa, correcta y verdadera, y que contiene todas las declaraciones y documentos necesarios y pertinentes a la presente apelación. Interpretando esta certificación a la luz de los diversos incidentes y órdenes que precedieron a la aprobación final de la transcripción, no tenemos motivo alguno para poner en duda el hecho de que el juez de distrito en realidad tuvo ante sí las dos transcripciones al tiempo de tal aprobación y que en verdad las mismas fueron aprobadas por él. Las dos transcripciones también hacen referencia a aspectos tan enteramente separados y distintos del presente caso, que no hay posibilidad de duda alguna o confusión que pueda surgir

por la falta de una foliación consecutiva. Pero aún cuando no fuera así, cualquier duda o confusión podría ser fácilmente disipada requiriéndole al apelante que haga una referencia más específica en el alegato, sin necesidad de desestimar la apelación o de devolver la transcripción a la corte inferior para ser enmendada.

La apelada dice además en apoyo de su moción de desestimación lo que sigue:

1. Que el 12 de mayo de 1926, sin que se hubiese archivado escrito de apelación alguno en este caso, se radicó una moción solicitando de la corte que ordenase al taquígrafo la preparación de la transcripción.

2. Que el escrito de apelación fué radicado tres días más tarde.

3. Que la Ley No. 27 de 1917, según fué enmendada en el 1919, dispone que el escrito solicitando la transcripción de la evidencia deberá presentarse dentro de diez días después de haberse archivado el escrito de apelación.

4. Que la orden decretando la preparación de la transcripción es, por tanto, nula y sin valor o efecto legal alguno.

Otro fundamento de la moción es que el abogado del apelante no certifica haber notificado a los abogados de la apelada con copia del legajo de la sentencia.

La cuestión en cuanto a la radicación prematura de la moción solicitando la preparación de la transcripción de la evidencia, así como la contención respecto a la falta de sello han sido discutidas y resueltas en el caso de *Roselló Bras v. The American Railroad Co. of Porto Rico, ante,* página 607.

También en este caso, como en el de Roselló Bras, el secretario de la corte de distrito certifica haber hecho entrega de una copia del legajo de la sentencia al abogado de la apelada, así como al abogado del apelante.

*Se declara sin lugar la moción de desestimación.*