CARLOS ROSADO ACOSTA, demandante y apelante, *v.* THE AMERICAN RAILROAD Co., demandada y apelada; RAFAEL VALENTÍN, demandante y apelante, *v.* THE AMERICAN RAILROAD Co., demandada y apelada; BENITO LECLERC, demandante y apelante, *v.* THE AMERICAN RAILROAD Co., demandada y apelada.

Nos. 4171, 4172 y 4173.—*Vistos:* Marzo 9, 1928. *Resueltos:* Junio 27, 1928.

*Angel A. Vázquez,* abogado del apelante; *Federico y Mariano Acosta Velarde,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Rafael Valentín, demandante en el caso arriba titulado con el número 4172, era el conductor del camión a que se hace referencia en el caso de *Roselló Bras* v. *American Railroad Company, ante,* página 485. Benito Lecrerc, el demandante en el caso No. 4173, era un auxiliar o ayudante. En ausencia de un espejo adecuado en frente del conductor, la ley exige la presencia de tal ayudante, por alternativa, quien irá en la parte trasera de los vehículos pesados de motor, cuando éstos van tan cargados que el conductor no puede ver en esa dirección. *Rivera* v. *Currá,* 33 D.P.R. 964. Lecrerc iba sentado junto al conductor en el asiento delantero. Carlos Rosado, el demandante en el caso No. 4171, era el dueño de los guineos con que iba cargado el camión. El estaba también en el asiento delantero con Valentín y Lecrerc, a la derecha de ambos, en el lado más próximo a la vía del ferrocarril, y, por tanto, se hallaba en mejor posición que cualquiera de ellos para ver el tren y evitar el accidente.

La manera en que se celebró el juicio de estos casos y en que se preparó y sometió a la aprobación del juez sentenciador la transcripción de la evidencia, ha sido expuesta en *Valentín* v. *American Railroad Co.,* 37 D.P.R. 615. No necesitamos repetir aquí lo que se dijo al resolver la moción para desestimar las respectivas apelaciones. La demandada alegó la existencia de negligencia contribuyente por parte de los demandantes en los tres casos que estamos considerando, y estos tres casos fueron resueltos en la corte inferior, en lo que respecta a esta cuestión, por la prueba aducida en el caso de *Roselló Bras* v. *American Railroad Co., ante,* página 485.

La conclusión a que se llegó en el caso No. 4174 decide el de Valentín aun con mayor efectividad que el caso ya resuelto. El alegato del apelante en ninguno de los dos casos que estamos discutiendo indica que debe seguirse una regla

distinta, o que deba hacerse alguna distinción al determinar la cuestión de negligencia contribuyente *vel non,* o el grado de la misma, bien de parte de Lecrerc o de Rosado. Bajo esas circunstancias, no creemos necesario llevar a cabo una investigación independiente sobre el punto indicado. Véase, sin embargo, 20 R.C.L. 159, sección 132; 22 R.C.L. 1049, sección 283; nota sobre el caso de *Penn. R. Co.* v. *Yingling,* 41 A.L.R. 405, 419, 420, 423, 424.

En cada uno de los tres casos que están ante nos, sólo hay un señalamiento de error. La cuestión así levantada es idéntica en forma y substancia a la segunda de las dos proposiciones sometidas y resueltas en modo adverso al apelante en el caso de *Roselló Bras* v. *American Railroad Co., supra.*

La sentencia apelada en cada uno de los tres casos, Nos. 4171, 4172 y 4173, por consiguiente, *debe ser confirmada bajo la autoridad del caso de Roselló Bras* v. *American Railroad Co., supra.*