## Pardo, Demandante y Apelante, *v.* Pardo, Demando y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª., en un caso de divorcio.

Mociones de la parte apelada para que se desestime la apelación y de la parte apelante para que se le permita radicar la transcripción.

No. 1077.—Resuelto en diciembre 23, 1913.

Apelaciones Interpuestas por Ambas Partes Contra una Misma Sentencia— Transcripciones de Autos Separadas—Exposición del Caso.—Cuando ambas partes litigantes apelan de la misma sentencia es necesario que cada una presente una transcripción de autos separada dentro del término legal y que someta a la aprobación del tribunal sentenciador una exposición del caso distinta para cada apelación, a menos que estipulen lo contrario.

Tribunal Supremo—Aprobación de una Exposición del Caso.—Este tribunal no tiene facultades para aprobar una exposición del caso, excepto cuando la corte inferior se niega a hacerlo, o cuando está imposibilitada de hacerlo.

Exposición del Caso—Término para Prepararla—Interpretación Restrictiva de la Ley.—Los preceptos de nuestro estatuto relativos al término para preparar una exposición del caso deben ser interpretados en sentido estricto.

Id.—Facultades del Tribunal Sentenciador para Admitir una Exposición del Caso Después de Expirado el Término.—El artículo 140 del Código de Enjuiciamiento Civil no faculta a una corte de distrito para admitir una exposición del caso después de haber expirado el término legal: La palabra ''procedimiento'' a que se refiere dicho artículo es un procedimiento en la corte sentenciadora y no abarca los procedimientos para perfeccionar una apelación.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Miguel Guerra.*

Abogado del apelado: *Sr. José de Guzmán Benitez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Este fué un caso de divorcio en el cual tanto la demanda como la contrademanda presentadas, fueron declaradas sin lugar por la corte inferior. Ambas partes interpusieron recurso de apelación. El marido completó sus autos mediante la presentación de una exposición del caso en la corte inferior que fué debidamente aprobada, habiendo archivado la

transcripción de autos en este tribunal. La esposa interpuso su apelación en 14 de mayo de 1913, y no habiéndose archivado desde esa fecha hasta el 31 de octubre, 1913, a nombre de ella ninguna transcripción, el apelado, o sea el esposo, solicitó la desestimación de la apelación. En 10 de noviembre la representación de la apelante compareció ante esta corte alegando que como ambas partes habían apelado de la misma sentencia y tanto el legajo de la sentencia como la exposición del caso eran idénticos en cada una de las apelaciones, al archivar el marido su exposición del caso, el abogado de la esposa creyó que era innecesaria la presentación de una transcripción por separado, y solicitó de la corte que aprobara los autos que acompañaban a su moción y declaración jurada. Durante la vista, el abogado de la apelante sometió a la consideración del tribunal otra moción y declaración jurada en las que exponía otros hechos para justificar su omisión en presentar la transcripción, pero expresando ahora que no había tenido una oportunidad suficiente para hacer que el secretario de la corte certificara la transcripción y que si se le permitía retirarla la presentaría nuevamente al tribunal debidamente certificada dentro de 48 horas. Presentó además una declaración jurada exponiendo que había enviado una copia de los autos al apelado y que ésta era una copia fiel. El apelado formuló declaraciones juradas en oposición a las de la apelante en las que se oponía en términos generales a que se concediera lo solicitado por dicha apelante, y demostrando con profusión de detalles los errores que contenía la exposición del caso, negando además que se le hubiera hecho ninguna notificación proponiéndole que se sometiera una relación de hechos a la corte inferior como ha alegado la apelante. Se celebró la vista de la segunda moción, en cuyo acto el abogado de la apelante reconoció francamente los errores alegados, dando como justa excusa de su comisión la premura con que tuvo que preparar el caso, sometiéndose a la resolución del tribunal.

Si tuviéramos discreción acerca de esta cuestión, el caso

fué preparado en forma demasiado irregular para que pudiéramos ejercitarla. La apelante jamás archivó su exposición del caso en la corte inferior y el término señalado en la regla 40 de este tribunal para la presentación de la transcripción en esta corte, es de 30 días. Los autos no habían sido archivados en este tribunal al presentar el apelado algunos meses después su moción para que se desestimara la apelación. Si la apelante confiaba en la exposición del caso que preparó la parte contraria debió, sin embargo, haber archivado una transcripción por separado dentro del término de 30 días a partir de la fecha de su aprobación. A menos que las partes estén conformes en presentar los mismos autos, en los casos en que ambas son apelantes podrá verse en seguida la necesidad que hay de archivar en la corte transcripciones y especialmente exposiciones de hechos por separado. Puede ocurrir que la prueba que es indispensable para los fines de una apelación no sea necesaria para la otra, y *vice versa.* Cuando el marido y la mujer ambos litigan por el divorcio como sucede en este caso, es que tal vez llamen más la atención estas posibilidades. Los hechos relativos a la supuesta maleficencia de uno de ellos pueden ser enteramente independientes de aquellos que hacen referencia a la del otro. Aunque la esposa pudiera estar completamente conforme con la relación de hechos preparada por el marido para sostener su apelación, el marido podría verse en la necesidad de tener que alegar hechos enteramente distintos para sostener la sentencia ya dictada a su favor. El tenía derecho a ser oído con el fin de proponer enmiendas, cambios y adiciones.

Aun cuando permitiésemos que el caso se remitiera de nuevo a la corte de distrito, la certificación del secretario no podría hacer referencia más que al legajo de la sentencia. No tenemos facultad alguna para preparar una exposición del caso en este tribunal a menos que la corte inferior se niegue o esté impedida para ello. *Orama et al. v. Oyanguren,* (pág. 310); *The Fajardo Sugar Company v. Santiago et al.,*

resuelto en diciembre 18, 1913, (pág. 1151). Creemos asimismo que la corte inferior carece de tal facultad.

El artículo 216 del Código de Enjuiciamiento Civil prescribe que deberá presentarse una copia de la exposición del caso a la corte dentro de 10 días a partir de la fecha en que se interpone la apelación, a menos que dicho término sea prorrogado por la corte. Conocemos la jurisprudencia establecida en el Estado de California al interpretar un artículo de su código semejante al 140 del Código de Enjuiciamiento Civil, según la cual se permite a la apelante archivar la exposición del caso después de vencido el término si la omisión es originada por error, inadvertencia, sorpresa o negligencia excusable. *Sprigg* v. *Barber,* 118 Cal., 591; *Baker* v. *Borello,* 131 Cal., 615; *Stonesifer* v. *Kilburn,* 94 Cal., 33–43; *Kaltschmidt* v. *Weber,* 145 Cal., 596. Sin embargo, la práctica seguida en California es algo diferente a la nuestra. Podrá sacarse provecho de esta omisión solamente dentro de un término de seis meses. El término para archivar la exposición del caso no podrá ser prorrogada por más de 30 días sin que medie el consentimiento de la parte contraria. La apelación no produce el efecto de un *supersedeas* sin una fianza y debe haber una fianza para costas. Bajo estas circunstancias, a falta de alguna restricción o limitación sobre la posibilidad de prorrogar el término, deberá interpretarse estrictamente nuestro estatuto. Además, creemos que la Corte Suprema de California al tratar de cumplir con el supuesto espíritu de la ley infringió su letra. Las palabras de cada Código son en sustancia: "y también eximir a alguna persona o a sus representantes legales de los efectos de una sentencia, orden u otro procedimiento que se hubiere dictado contra ella por causa de equivocación, inadvertencia, sorpresa o excusable negligencia." La omisión de una parte en presentar una exposición del caso a su debido tiempo no es una "sentencia, orden u otro procedimiento dictado contra ella." Evidentemente que el procedimiento sería algo parecido al de una orden, sentencia o decreto. El "procedimiento" correspondiente

sería la sentencia de este tribunal confirmando la dictada, los efectos del cual no podrían ser remediados por la corte inferior.

Además, entendemos que todo el espíritu del artículo 140 revela que el procedimiento era uno que podría surgir en el ejercicio de la jurisdicción ordinaria de la corte inferior y no es de aplicación a los procedimientos para perfeccionar la apelación. No se comete ninguna injusticia exigiendo al apelante que archive oportunamente su apelación, ni porque se dé cuenta de que su omisión en proceder diligentemente pudiera poner en peligro su apelación. La parte tiene 30 días después de dictada la sentencia para apelar, y puede hacer uso de su exposición en una moción sobre nuevo juicio y apelar contra la orden desestimando dicha moción. También puede la corte prorrogar el término. Este tribunal está haciendo todo lo que puede por considerar diligentemente los casos sometidos a su consideración. Gran parte de la demora que ocurre en los litigios tiene lugar desde que se dicta la sentencia hasta que se remite la transcripción de los autos. Nuestra opinión es que los jueces de las cortes inferiores no deberán ser demasiado benevolentes al conceder prórrogas, debiendo los abogados estar listos inmediatamente después que se dicte la sentencia para archivar sus exposiciones del caso, de modo que puedan ser aprobadas mientras el caso está todavía fresco en la mente de la corte y del abogado. Muchas de estas observaciones no son de aplicación al abogado del apelante, pero se hace mención de las mismas por vía de argumentación en contra de la idea de que puede excusarse la omisión en presentar la exposición del caso. Aun cuando este caso fuera devuelto para ser corregido, el apelante no podría archivar su exposición y de nada le valdría la apelación. Debe declararse con lugar la moción sobre desestimación de la apelación.

*Denegadas las mociones de la parte apelante*
*y concedidas las de la parte apelada, deses-*
*timándose la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

El Juez Asociado Sr. del Toro firmó haciendo constar estar conforme con la resolución, pero no con todos sus fundamentos.

El Juez Asociado Sr. MacLeary no intervino en la resolución de estas mociones.