Ex Parte Deliz et al., Peticionarios y Apelantes, v. Franco, Opositor y Apelado.

Apelación procedente de la Corte de Distrito de Aguadilla en un caso sobre administración judicial de los bienes de un difunto.

Moción de la parte opositora para que se desestime la apelación por no haberse radicado la transcripción de autos.

No. 1253.—Resuelto en diciembre 18, 1914.

Exposición del Caso Presentada Fuera de Tiempo—Prórroga Concedida Después de Vencido el Término.—El artículo 140 del Código de Enjuiciamiento Civil no da facultades a una corte de distrito para admitir y aprobar una exposición del caso presentada dentro de una prórroga concedida después de vencido el término.

Prórroga Concedida Después de Vencido el Término.—Una prórroga concedida después de vencido el término es nula.

Desestimación de Apelación—Prórroga Concedida Después de Vencido el Término para Presentar la Exposición del Caso—Cuando Empieza a Correr el Término para Presentar la Transcripción de Autos.—Siendo nula una prórroga concedida después de vencido el término para presentar el proyecto de exposición del caso, el término de 30 días para radicar la transcripción de autos empieza a contarse desde que se radicó el escrito de apelación, y expirado dicho término sin que se presente dicha transcripción de autos, procede la desestimación de la apelación.

Los hechos están expresados en la opinión.

Abogados de la apelada: Sres. *Juan García Ducós* y *Celestino Iriarte, Jr.*

Abogados de Pedro Deliz Sosa: Sres. *Luis Llorens Torres* y *Rafael Martínez Alvarez.*

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

Esta es una moción para desestimar la apelación. La apelada ante la Corte de Distrito de Aguadilla, mientras actuaba temporalmente como juez de la misma el Juez Foote, se opuso a la partición de una herencia en la forma recomendada por el contador partidor y dicha oposición fué declarada con lugar. La resolución fué dictada el 21 de septiembre de 1914. Pedro Deliz Sosa apeló el 6 de octubre de 1914. El 16 de octubre de

1914 la Corte de Distrito de Aguadilla concedió una prórroga de 10 días para la presentación del proyecto de exposición del caso. Nada se hizo después por el apelante hasta el 31 de octubre o sea cinco días después de haber expirado dicha prórroga, en que el apelante presentó al Juez de la Corte de Distrito de Aguadilla, Isidoro Soto Nussá, una solicitud para que se concediera otra prórroga, y dicho juez el 2 de noviembre de 1914 concedió diez días más de prórroga a contar desde la fecha en que el apelante fuera notificado de la orden de la corte, cuya notificación se hizo el 3 de noviembre de 1914. La moción para desestimar esta apelación fué escrita el 20 de noviembre y radicada en esta corte el 25 de noviembre El mismo día 25 de noviembre de 1914 el abogado del apelante alegando varias razones para justificar su tardanza en presentar la exposición del caso pidió a la Corte de Distrito de Aguadilla que le prorrogara el término para la presentación de dicho documento El Juez de Distrito de Aguadilla el 26 de noviembre de 1914 dictó una orden concediendo la moción de prórroga y dándole al apelante hasta el 27 de noviembre para presentar la exposición del caso, fundando dicha orden en la facultad que le confiere la sección 140 del Código de Enjuiciamiento Civil.

En el caso de *Pardo* v. *Pardo*, 19 D. P. R., 1188, se resolvió que una corte de distrito no tenía facultades por razón de la sección 140 del Código de Enjuiciamiento Civil para admitir una exposición del caso después que el término legal había expirado. Y en el caso de *Ferrer* v. *El Pueblo*, 14 D. P. R., 395, esta corte resolvió que una prórroga concedida después de haber expirado el tiempo fijado por la ley era nula. De acuerdo con esta jurisprudencia y por razón de que una prórroga fija de un término debe significar lo que ella misma dice, la apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Los Jueces Asociados Sres. del Toro y Hutchison firmaron haciendo constar estar conformes con la sentencia.