Díaz, Demandante y Apelado, *v.* The Porto Rico Railway,
Light And Power Company, Demandada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan,
Distrito Primero, en pleito sobre daños y perjuicios (mo-
ción sobre desestimación de apelación).

No. 2983.—Resuelto en junio 20, 1923.

Resuelto en reconsideración en julio 26, 1923.

Exposición del Caso Presentada Fuera de Tiempo—Discreción Judicial.—
El artículo 140 del Código de Enjuiciamiento Civil no confiere discreción

a las cortes de distrito para admitir y resolver una exposición del caso o pliego de excepciones después de vencido el término regular o las prórrogas que haya podido obtener el apelante.

DESESTIMACIÓN DE APELACIÓN—TÉRMINO PARA RADICAR LA TRANSCRIPCIÓN EN EL TRIBUNAL SUPREMO.—Una apelación que no se ha radicado a tiempo en a Corte Suprema debe ser desestimada aunque el apelante justifique que está pendiente de resolverse por la corte inferior una moción invocando la discreción de la corte para que admita la exposición del caso fuera de término.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. J. H. Brown* y *C. Ruiz.*

Abogados del apelado: *Sres. Rincón & Vizcarrondo.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

En contestación a una moción para que se desestime la apelación, la apelante está conforme en que su término para presentar una exposición del caso había vencido, pero alega que había presentado una moción a la corte de distrito para que se le permitiera archivar su exposición de nuevo. Ninguno de los documentos que sirvieron de base a la moción presentada en la corte de distrito han sido certificados a esta corte y a la apelada no se le dió ninguna oportunidad en este procedimiento para desestimar la apelación, de combatir los hechos alegados en justificación de la apelación que se hace a la discreción de la corte inferior.

La apelante funda su oposición a la moción de desestimación en la facultad discrecional que tiene la corte de distrito para admitir una exposición del caso después de haber expirado el término regular. Sostuvo la apelante en la vista que esta facultad se confiere por virtud del artículo 140 del Código de Enjuiciamiento Civil y citó decisiones de California en este sentido, siendo el artículo 473 el equivalente en ese estado.

En el caso de *Belaval* v. *Córdova,* 21 D. P. R. 537, dijimos, arguyendo:

"Para evitar cualquiera mala interpretación que pueda ocurrir,

debemos añadir que no tenemos necesidad de resolver y no resolvemos, qué remedio podría o no obtenerse en caso de que el récord fuere entregado por el taquígrafo después de la prórroga del término de treinta días señalado en el estatuto, o de una prórroga del mismo debidamente autorizada, en tales circunstancias que, sin mediar falta por parte del apelante o error, por su inadvertencia, sorpresa o negligencia excusable, pudiera afectar de un modo serio y adverso a su derecho de apelación. Cualquiera que sea la jurisdicción que pudiera tener y ejercitar una corte, después de notificada la parte contraria, o que de otro modo sea inherente o haya sido conferida expresamente por el artículo 140 del código, u otra prescripción de ley, cualquiera que fuera el remedio que en equidad pudiera proporcionar, y cualesquiera que fueran los términos y condiciones que pudiera imponer en tales circunstancias, parece razonablemente claro en cualquier caso que pueda ocurrir, que la mera entrega del récord después de vencido el término del estatuto, difícilmente produciría *ipso facto* el restablecimiento de prórrogas ya vencidas, de facultades ya perdidas, bien por no haber sido ejercitadas oportunamente, o si se ejercitaron, se habían agotado completamente,—prórrogas concedidas y facultadas ejercitadas, si es que se concedieron o ejercitaron—única y exclusivamente por virtud de los preceptos contenidos en los artículos 299 y 353, ninguno de los cuales es por sí suficientemente amplio para comprender el caso hipotético que ha sido sugerido."

Pero necesariamente no resolvimos que el artículo 140 podía ser invocado porque esa cuestión no estaba ante la corte. Claramente que esa opinión meramente sugería que en alguna parte debía residir la facultad para eximir a un apelante cuando existía una demora excusable en presentar una exposición del caso. Con anterioridad a la decisión en el caso de *Belaval* v. *Córdova, supra,* habíamos resuelto que el artículo 140 no era aplicable, *Deliz* v. *Franco,* 21 D. P. R. 526, en el que se cita el de *Pardo* v. *Pardo,* 19 D. P. R. 1188. En este último caso el Juez Asociado Sr. del Toro y en el caso de *Deliz* los Jueces Asociados del Toro y Hutchison estuvieron conformes con la sentencia pero no con la opi-

nión. En ambos estaba envuelta la aplicabilidad del artículo 140, habiendo la corte de distrito tratado de ejercitar una facultad de acuerdo con dicho artículo.

Sea eso como fuere la jurisprudencia de California no es muy satisfactoria y fué diferenciada en el caso de *Pardo* v. *Pardo, supra.* Examinaremos nuestros estatutos especiales para considerar dónde es que reside o debe residir la facultad. Las cortes de distrito tienen facultad para prorrogar el término de radicación de una exposición del caso pero en ninguna parte del código se les confiere facultad para dar o crear una nueva oportunidad. En el año 1909 por virtud de reglas de esta corte las apelaciones podían ser desestimadas si el apelante no radicaba su transcripción de autos dentro del término de 30 días cuando no había ninguna exposición pendiente. Por la Ley No. 70 de 1911 el apelante quedaba obligado a radicar la transcripción en esta corte dentro del término de 30 días después de la aprobación de un pliego de excepciones o de haber sido aprobada una exposición del caso, pero nuestras reglas quedaron sin cambiar en cuanto a la necesidad de radicar dentro de 30 días a partir del escrito de apelación cuando no había ningún pliego de excepciones o exposición. Estrictamente el derecho a desestimar descansa en esta corte desde el momento en que no existe ningún procedimiento para obtener la aprobación de un pliego o exposición.

La moción de desestimación debe declararse con lugar.

*Desestimada la apelación.*

Juez concurrente: Sr. Asociado Aldrey.

El Juez Presidente Sr. del Toro firmó: "Conforme con la sentencia".

El Juez Asociado Sr. Hutchison disintió.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

OPINIÓN CONCURRENTE DEL HON. JUEZ PRESIDENTE SR. DEL TORO.

Congruente con mi criterio en los casos de *Deliz* v. *Franco,* 21 D. P. R. 526 y *Pardo* v. *Pardo,* 19 D. P. R. 1188, estoy conforme con la sentencia porque a mi juicio no se ha demostrado que exista un caso verdaderamente apropiado para que el juez de distrito pueda ejercitar las facultades que le confiere el artículo 140 del Código de Enjuiciamiento Civil, pero no porque dicho juez carezca de facultad. A mi juicio sólo existe un término verdaderamente jurisdiccional en las apelaciones: El de la interposición del recurso. Sobre los demás tienen control la corte sentenciadora y esta Corte Suprema, en bien de la justicia. Claro es que sólo a virtud de circunstancias excepcionales, que no se ha demostrado que existan aquí, estaría justificada la concesión de un nuevo término para radicar la exposición del caso.

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE JULIO 26, 1923.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los fundamentos que hemos tenido para desestimar esta apelación han sido consignados en una opinión anterior donde se cita el caso de *Pardo* v. *Pardo,* 19 D. P. R. 1188.

En el mismo tomo y en el caso de *Fajardo Sugar Co.* v. *Santiago,* 19 D. P. R. 1193, ratificamos nuestro criterio de que el artículo 140 del Código de Enjuiciamiento Civil no tenía ninguna aplicación a los pliegos de excepciones y otros documentos semejantes y también llamamos la atención al hecho de que el artículo 299 del Código de Enjuiciamiento Civil como fué enmendado en el año 1911 no era semejante a ninguna disposición del Código de Enjuiciamiento Civil de California.

El abogado insiste ahora en llamarnos la atención hacia la teoría de que el artículo 140 del Código de Enjuiciamiento Civil fué tomado de California y por tanto, como es

de presumirse, con la interpretación que se le ha dado en ese Estado. Discutimos algunas de las diferencias de práctica en el caso de *Pardo* v. *Pardo, supra.* Podemos agregar que la regla de interpretación invocada está sujeta a un número de excepciones y una de ellas es cuando la interpretación que se le da en el Estado de origen está en conflicto con el claro significado del estatuto. *Whitney* v. *Fox,* 166 U. S. 637 647. Según indicamos en el caso de *Pardo* v. *Pardo, supra,* la Corte Suprema de California no observó el claro signifi cado de las palabras empleadas. Además, por la apelación es la Corte Suprema de Puerto Rico la que adquiere juris- dicción sobre un caso y cuando se invoca un privilegio ex- traordinario es esta corte la que tiene la facultad de conce- derlo, suponiendo que la facultad existe. A la corte infe- rior se le confiere específicamente sólo el derecho a prorro- gar el término. No se le confiere ninguna facultad para crear un nuevo término.

El principio más o menos aplicable a estas cuestiones es *interest reipublicae ut sit finis litium.* Cuando la corte in- ferior en una resolución y razonada opinión se negó a crear un nuevo término, la demandada interpuso apelación contra esa resolución y alega ahora que debimos haber esperado a que se perfeccionaran los autos en el último caso. Los de- rechos de una parte a una sentencia ganada podrían de este modo posponerse indefinidamente. Todo lo relativo al re- medio suponiendo un caso adecuado, debe quedar en la corte a la cual se transfiere la jurisdicción.

Debe denegarse la moción.

*Denegada.*

Jueces concurrentes: Sres. Asociados Aldrey y Franco Soto. El Juez Presidente Sr. del Toro firmó: "Conforme con la resolución."

El Juez Asociado Sr. Hutchison, disintió.