VICENTE MACHUCA RIVERA, demandante y apelante, v. MUNICIPIO DE RÍO PIEDRAS, demandado y apelado.

No. 5524.—*Sometido:* Diciembre 22, 1930. *Resuelto:* Diciembre 24, 1930.

M. Tous Soto, abogado del apelante; R. Rivera Zayas, abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso, por no haberse archivado en tiempo la transcripción de los autos. La parte apelante se opuso alegando que hubo error excusable en la computación de un término y que está pendiente de resolución en la corte de

distrito una moción para que se admita *nunc pro tunc* la exposición del caso presentada.

■■ El recurso se interpuso el 20 de octubre de 1930. El 29 el apelante, por su abogado, solicitó de la corte que prorrogara por treinta días el término de diez concedido por la ley para preparar la exposición del caso, "haciendo un total de cuarenta," y la corte, en noviembre 6, 1930, resolvió: "Como se pide." En diciembre 1, 1930, volvió el apelante por medio de otro abogado a solicitar otra prórroga para preparar la exposición, y la corte volvió a resolver: "Como se pide."

Si la última prórroga hubiera sido debidamente concedida, no tendría razón la parte apelada, pues al archivar su moción de desestimación el 4 de diciembre estaría pendiente de tramitación en la corte de distrito la exposición del caso y sabido es que cuando existe exposición el término de treinta días que concede la ley para archivar la transcripción de los autos en esta Corte Suprema se cuenta a partir de la aprobación de la misma.

Pero la parte apelada sostiene que dicha prórroga es una mera nulidad por haber sido concedida por la corte de distrito después de vencido el término que debidamente prorrogara por su primera resolución de noviembre 6, 1930. Y así es, en efecto, de acuerdo con los hechos y la repetida jurisprudencia de este tribunal, ya que interpuesto el recurso el 20 de octubre, 1930, los diez días de ley vencían el 30 del propio mes y la prórroga de treinta, formando con los diez de ley un término de cuarenta días, que fué lo que se solicitó y concedió, feneció el 29 de noviembre. Cuando el apelante pidió a la corte el 1 de diciembre siguiente que le concediera una nueva prórroga y la corte se la concedió, ya la corte había perdido su jurisdicción para actuar, según varias decisiones de este tribunal. Véanse entre otros, los casos de *Díaz* v. *The Porto Rico Ry. Light & Power Co.,* 32 D.P.R. 95, y *Alvarez y Royal Bank* v. *Corte de Distrito,* 36 D.P.R. 925.

Así parece reconocerlo la misma parte apelante y. dice que habiendo sufrido un error excusable por haberse confundido creyendo que los cuarenta días concedidos no incluían el término legal, ha archivado la exposición y le ha pedido a la corte de distrito que la admita *nunc pro tunc*. La situación legal es la misma. Las decisiones de esta Corte Suprema sobre la materia resuelven que· la corte de distrito no tiene autoridad para conceder en estos casos nuevos términos, y que tal autoridad corresponde a esta Corte Suprema.

A virtud de todo lo expuesto el caso queda como si no existiera exposición y entonces debiendo contarse el término de treinta días para el archivo de la transcripción en esta Corte Suprema, a partir del 20 de octubre en que el recurso se interpuso, y no habiéndose verificado tal archivo, es evidente que tiene razón la parte apelada y *en su consecuencia que debe la apelación desestimarse.*