Enrique Báez García, demandante y apelado, v. Alejandrina, María Trifona, conocida por Trina, y Sabás Honoré Rivera, demandados y apelantes.

Núm. 7999.*

Opinión Disidente del Juez Asociado Señor Wolf

Si uno lee el Código de Enjuiciaimiento Civil se puede ver que la sección 140 está incluída en un capítulo sobre incongruencias, errores y enmiendas en juicio, materias todas dentro de la jurisdicción de la corte, y no materias en apelación después que la jurisdicción ha sido transferida. Ésta fué esencialmente la interpretación dada en *Pardo v. Pardo,* 19 D.P.R. 1188, y seguida entre otros por *Fajardo Sugar Co. v. Santiago et al.,* resuelto el mismo día (19 D.P.R. 1193); *Ex parte Deliz et al. v. Franco,* 21 D.P.R. 526; *Díaz v. P. R. Ry., L. & P. Co.,* 32 D.P.R. 95; *Brown v. Peña & Balbás,* 35 D.P.R. 483; *Alvarez et al. v. Corte de Distrito,* 36 D.P.R. 925; *Machuca v. Municipio,* 41 D.P.R. 659; *García v. Palatine Ins. Co.,* 42 D.P.R. 978, 979. Por estos casos quedó establecida la práctica de que era la Corte Suprema de Puerto Rico la que debía conceder un nuevo término. *Pardo v. Pardo,* supra, por tanto, no puede considerarse *obiter.*

El punto más importante, sin embargo, en que se insiste es que cuando Puerto Rico adoptó la sección 140 del Código de Enjuiciamiento Civil lo hizo con la interpretación que se había dado al artículo 473 de California, que tenía disposiciones similares. Concedemos que en lo principal nuestro Código de Enjuiciamiento Civil sigue el de California, pero no totalmente. Nosotros teníamos estatutos, reglas y prácticas que diferían de las de California.

Al discutir este caso acepté, como había hecho años antes,

---

* Nota: Véase la opinión de la mayoría en la pág. 31.

que la práctica de California era permitir a la corte inferior la concesión de un nuevo término después de radicada la apelación. Un estudio más detallado hace dudoso si en California existía la práctica alegada independientemente de casos en que se había presentado una moción para un nuevo juicio. Esa es la inferencia que yo deduzco leyendo los siguientes casos: *Kram* v. *Stockton Electric R. Co.*, 136 Cal. 523; *Baute* v. *Siller*, 121 Cal. 414; *McWilliams* v. *Hudson*, 98 Cal. App. 185; *Stonesifer* v. *Kilburn*, 94 Cal. 33; *Pollitz* v. *Wickersham*, 150 Cal. 238; *Lukes* v. *Logan*, 66 Cal. 33.

En California el pliego de excepciones existía para sostener una moción de nuevo juicio y es muy fácil concebir que una corte inferior debía tener el derecho a considerar y conceder un nuevo término cuando se trataba de una moción de nuevo juicio aunque el término hubiese expirado.

De todos modos, nosotros habíamos establecido nuestra práctica, consistente con el Código de Enjuiciamiento Civil y no había después de veinticinco años razón suficiente para cambiar la práctica y política seguida por tanto tiempo. El caso de *Pardo* v. *Pardo*, supra, en nuestra opinión, fué una interpretación correcta de la ley.

Concurrí en el resultado porque bajo las circunstancias de este caso pudimos y debimos, como en otros casos, conceder un nuevo término al apelante.