Ex parte Asociación de Damas del Santo Asilo de Ponce, Etc., peticionaria y apelada; Jaime Seix Irahola et al., opositores y apelantes.

Núm. 8784.—*Sometido:* Julio 6, 1943. *Resuelto:* Julio 19, 1943.

*Francisco Capó Pagán,* abogado del apelante Jaime Seix Irahola; *J. Octavio Seix Rosaly,* apelante, por su propio derecho; *F. Parra Capó* y *V. Zayas Pizarro,* abogados de la apelada.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

La peticionaria, Asociación de Damas del Santo Asilo de Ponce, por sí y en representación del Asilo de Huérfanos de Ponce, solicitó de la Corte de Distrito de Ponce se decretara la administración judicial de los bienes de la herencia de don Joaquín Ferrán y Lluis y celebrada la vista el día 16 de octubre de 1942 comparecieron las partes interesadas y además los señores J. Octavio Seix, en su propia representación, y

Jaime Seix Irahola representado por su abogado Francisco Capó Pagán, habiendo éstos radicado un escrito titulado "Nulidad de procedimientos y suspensión de vista". La peticionaria solicitó la eliminación de la moción de los señores Seix por ser inmaterial e impertinente al procedimiento y practicada prueba testifical y documental en corte abierta la petición quedó sometida y la corte inferior, el día 30 de marzo de 1942, dictó resolución decretando la administración judicial solicitada y nombró al Sr. Pedro Juan Rosaly administrador judicial, y en la misma resolución resolvió la moción de los señores Seix en la siguiente forma:

"Antes de considerar la cuestión planteada, esto es, la petición sobre nombramiento de administrador judicial permanente, deseamos hacer constar que descartamos por completo las cuestiones planteadas por el Sr. J. Octavio Seix y por el Sr. Jaime Seix Irahola, por entender la corte que todo ello es materia irrelevante al procedimiento que nos ocupa, pudiendo ser las mismas, cuestión a discutirse en un juicio contencioso o 'plenary suit'. Desestimamos, por lo tanto, las cuestiones planteadas por los Sres. J. Octavio Seix y Jaime Seix Irahola."

Los Sres. Seix el día 24 de abril de 1943 apelaron de dicha resolución para ante esta Corte Suprema, habiéndolo hecho J. Octavio Seix por su propio derecho y Jaime Seix Irahola por conducto de su abogado. La peticionaria, el día 11 de junio de 1943 radicó una moción solicitando la desestimación de la apelación: 1, por no haberse perfeccionado el recurso y 2, por ser frívolo.

J. Octavio Seix radicó en esta corte una extensa moción solicitando "se eliminen de los autos todos y cada uno de los escritos presentados por la parte promovente ante esta superioridad" fundada en que ni él ni el coapelante habían sido debidamente notificados de la moción de desestimación y además porque ésta no procede.

Celebramos la vista oral correspondiente el día 6 de julio de 1943 con la sola comparecencia de la peticionaria por su abogado.

■■ Aparece de los autos que si bien el apelante J. Octavio Seix fué debidamente notificado de la moción de la peticionaria, también aparece comprobado que el Lic. Francisco Capó Pagán, abogado del coapelante Jaime Seix Irahola, por encontrarse recluído en una clínica no fué notificado de la misma y tampoco lo ha sido dicho Jaime Seix Irahola personalmente, pero alega la peticionaria que sí se notificó al coapelante J. Octavio Seix como apoderado de dicho Jaime Seix Irahola, "con autorización válida, expresa y suficiente de su referido poderdante para nombrar y para promover la sustitución de abogado y nombrar otro que represente a dicho coapelante", según hizo constar dicho J. Octavio Seix en moción de prórroga radicada en la corte inferior. El coapelante J. Octavio Seix radicó un *affidavit* controvirtiendo la alegada notificación como apoderado de Jaime Seix Irahola.

Si bien de la certificación expedida por el secretario interino de la corte inferior aparece comprobado que la resolución apelada fué dictada el día 30 de marzo de 1943; que los apelantes radicaron su escrito de apelación el 24 de abril y que hasta el 29 de junio ninguno de ellos se ha acogido a lo que dispone la Ley núm. 111 aprobada el 5 de mayo de 1939 (pág. 575) enmendando el artículo 299 del Código de Enjuiciamiento Civil, ni han solicitado ni se ha ordenado por la corte inferior transcripción del récord taquigráfico en cuanto a la evidencia documental y testifical presentada en la vista del caso; la propia apelada radicó con dicha certificación una copia de la resolución dictada por la corte inferior el 30 de junio de 1943, denegando una prórroga solicitada por J. Octavio Seix para radicar la transcripción de evidencia fundada en que los apelantes lo que solicitaron originalmente fué prórroga para radicar la *exposición del caso.* Esta resolución de 30 de junio también fué apelada por J. Octavio Seix.

El apelante J. Octavio Seix llama nuestra atención hacia el hecho de que en su última moción de prórroga hizo constar que "no siendo abogado y no teniendo conocimiento del procedimiento actualmente en vigor no parecería justificada la denegación" de su apelación.

Tomando en consideración todos los hechos concurrentes en este caso, a nuestro juicio no procede la desestimación solicitada.

En primer término, no estamos en condiciones de resolver si el coapelante Jaime Seix Irahola fué debidamente notificado de la moción de la apelada solicitando la desestimación y tampoco si el otro apelante J. Octavio Seix fué debidamente notificado como apoderado de dicho Jaime Seix Irahola. Además, es un hecho cierto que existe otra apelación pendiente en cuanto a la resolución denegatoria de la corte inferior a conceder una prórroga para radicar la transcripción de evidencia. Si se llegara a la conclusión en dicho recurso que la corte inferior abusó de su discreción de acuerdo con el artículo 140 del Código de Enjuiciamiento Civil y lo resuelto por esta Corte en *Báez* v. *Honoré,* 56 D.P.R. 31, al no conceder dicha prórroga por el hecho de que por error lo que se solicitó originalmente fué una prórroga para preparar la exposición del caso cuando debió solicitarse para preparar la transcripción de la evidencia, no procedería desestimar el presente recurso.

*Se declara sin lugar la moción de la apelada.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.